IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL A. EVANS,
  Plaintiff,

vs.              Case No. 3:09cv215/RV/EMT

STATE OF FLORIDA,
  Defendant.
_____/

**ORDER, REPORT AND RECOMMENDATION**

  Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a notice of removal pursuant to 28 U.S.C. § 1441, 1443, or 1446 (Doc. 1). Plaintiff also filed a Motion to Proceed in Forma Pauperis (Doc. 7). Good cause having been shown, leave to proceed in forma pauperis shall be granted.

  Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The

complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of Plaintiff's notice of removal, the court concludes this action should be dismissed.

In Plaintiff's notice of removal he states that, pursuant to 28 U.S.C. §§ 1441, 1443 and 1446, he is removing to this court a civil action he commenced in the Circuit Court for Okaloosa County, Florida, Case No. 2009 DR 001320 S (*see* Doc. 1).  He indicates that although the Defendant in the state action has not been served with process in the state court action (*see* Doc. 1 at 3), he has attached a copy of all process, pleadings, and orders filed in the state action, in compliance with 28 U.S.C. § 1446 (*see* Doc. 10, attached state court record).  Plaintiff's attachments include a copy of the complaint he filed in state court, which is titled "Complaint/Petition to Determine Non-Custodial Parent's Child Support Obligations and Other Relief" (Doc. 10, attachment).

Section 1441 states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States. . . ."  28 U.S.C. § 1441(a) (emphasis supplied).  Section 1443 states that "[a]ny of the following civil actions . . . commenced in a State court may be removed <u>by the defendant</u> to the district court of the United States . . . ."  28 U.S.C. § 1443.  By clear and unambiguous language, a defendant is permitted to remove an action to federal court.  "No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court."  In re Walker, 375 F.2d 678, 687 (9th Cir. 1967).  Such a rule is well established.  *See, e.g.,* Chicago, Rock Island & Pacific Railroad v. Stude, 346 U.S. 574, 580, 74 S. Ct. 290, 295, 98 L. Ed. 317 (1954); Geiger v. Arctco Enterprises, Inc., 910 F. Supp. 130, 131 (S.D. N.Y.1996); Smith v. St. Luke's Hospital, 480 F. Supp. 58 (D.C. S.D. 1979) (holding that a plaintiff has no right of removal under 28 U.S.C. § 1441); Union Const. Co. v. Dillingham Corp., 334 F. Supp. 502, 503 (S.D. Tex. 1971) ("A plaintiff cannot remove a case from a State to a Federal Court. [Title] 28

U.S.C. § 1441, specifically permits removal by a defendant or defendants, but not by a plaintiff."); Coastal Air Service, Inc. v. Tarco Aviation Service, Inc., 301 F. Supp. 586, 588 (S.D. Ga. 1969); Little v. Dep't of Health Dir. Med. Quality Assur., No. 4:07cv00390-MP-WCS, 2007 WL 4531554 (N.D. Fla. Dec. 19, 2007) (a plaintiff may not remove a case she originally filed in state court; only a defendant may remove a case). Moreover, Section 1446 discusses the removal procedure in the exclusive context of removal by a defendant or defendants. 28 U.S.C. § 1446. Plaintiff's attempt to remove his state court action to this court based upon the legal theory that § 1441 or 1443 permits removal by a plaintiff, is indisputably meritless.

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 7) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's notice of removal (Doc. 1) be **DENIED** as frivolous and this case be **REMANDED** back to the Circuit Court of the First Judicial Circuit in and for Okaloosa County, Florida.

At Pensacola, Florida, this 24th day of June 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**